IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERON HYPOLITE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION H-10-2618 |
| | § | |
| "HOME DEPOT" AND HOME DEPOT U.S.A., INC., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, removed from state court and alleging premises liability and seeking damages for resulting injuries, is Defendant Home Depot U.S.A., Inc.'s motion for summary judgment (instrument #21). Plaintiff Eron Hypolite has failed to file a response.

**Standard of Review**

Summary judgment under Federal Rule of Civil Procedure 56(c) is appropriate when, viewing the evidence in the light most favorable to the nonmovant, the court determines that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A dispute of material fact is "genuine" if the evidence would allow a reasonable jury to find in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986). Initially the movant bears the burden of identifying those portions of the pleadings and discovery in the record that it finds demonstrate the absence of a genuine issue of material fact; the movant may, but is not required to, negate elements of the nonmovant's case to prevail on summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lujan v. National Wildlife Federation*, 497 U.S. 871, 885 (1990); *Edwards v. Your Credit, Inc.*, 148 F.3d 427, 431 (5th Cir. 1998).

If the movant meets its burden and points out an absence of evidence to prove an essential element of the nonmovant's case on which the nonmovant bears the burden of proof at trial, the nonmovant must then present competent summary judgment evidence to support the essential elements of its claim and to demonstrate that there is a genuine issue of material fact for trial. *National Ass'n of Gov't Employees v. City Pub. Serv. Board*, 40 F.3d 698, 712 (5th Cir. 1994). "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmovant may not rely merely on allegations, denials in a pleading or unsubstantiated assertions that a fact issue exists, but must set forth specific facts showing the existence of a genuine issue of material fact concerning every element of its cause of action(s). *Morris v. Covan World Wide Moving, Inc,*, 144 F.3d 377, 380 (5th Cir. 1998). Conclusory allegations unsupported by evidence will not

preclude summary judgment. *National Ass'n of Gov't Employees v. City Pub. Serv. Board*, 40 F.3d at 713; *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

For a no-evidence motion for summary judgment, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. If the nonmovant fails, "there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial," and summary judgment as a matter of law must be granted. *Id.* at 322-23.

It is well established in the Fifth Circuit that "[a] federal court may not grant a 'default' summary judgment where no response has been filed." *Bradley v. Chevron U.S.A., Inc.*, No. Civ. A. 204CV092J, 2004 WL 2847463, *1 (N.D. Tex. Dec. 10, 2004), *citing Eversley v. MBank of Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. *Id.* at *1 and n. 2*, citing id.*; *see also Thompson v.*

*Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003)(where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary judgment evidence and movant's evidence may be accepted as undisputed). *See also Unum Life Ins. Co. of America v. Long,* 227 F. Supp. 2d 609 (N.D. Tex. 2002)("Although the court may not enter a 'default' summary judgment, it may accept evidence submitted by [movant] as undisputed."); *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996)("A summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence.").

**Plaintiff's Original Petition (#1, Ex. B-3)**

Plaintiff alleges that on or about March 23, 2009, while on the premises of Home Depot located at 10707 North Freeway, Houston, Texas 77037, she tripped and fell on a damaged area of the floor in the hardwood flooring aisle and suffered serious, disabling and disfiguring injuries. She asserts that Defendant and its agents, servants and employees negligently allowed the creation and continued existence of this dangerous condition and they failed to warn Plaintiff of this condition on the premises.

**Relevant Substantive Law**

Defendant concedes that Plaintiff entered its store as an invitee. Under Texas law an invitee is an individual who enters the premises of another pursuant to an express or implied invitation from the owner or occupier for their mutual benefit.

*Rosas v. Buddie's Food Store*, 518 S.W. 2d 534, 536 (Tex. 1975). In a premises liability case under Texas law, a property owner owes invitees a duty to protect them from dangerous conditions of which the property owner knows or by the exercise of reasonable care would have discovered. *Shaw v. O'Reilly Automotive, Inc.*, Civ.A. G-08-100, 2009 WL 2900731, *2 (S.D. Tex. Sept. 2, 2009), *citing CMH Homes, Inc. v. Daenen*, 15 S.W. 3d 97, 101 (Tex. July 10, 2008). To prevail on a premises liability claim, a plaintiff must show not only that the condition posed an unreasonable risk of harm, but also that (1) the owner or occupier had actual or constructive knowledge of a hazardous condition on the premises; (2) the condition created an unreasonable risk of harm; (3) the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner or occupier's failure to use reasonable care proximately cased the plaintiff's injury. *Id., citing id.; Keetch v. Kroger*, 845 S.W. 2d 262, 265 (Tex. 1992). To establish actual knowledge, the plaintiff may show that the property owner actually knew about the condition or that the property owner created the condition. *Keetch*, 845 S.W. 2d at 265. Constructive notice may be established by showing "that it is more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition." *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W. 2d 934, 936 (Tex. 1998); *see also Wal-Mart Stores, Inc. v. Reece*, 81 S.W. 3d 812, 815

(Tex. 2002)(constructive knowledge of premises owner may be established by showing that the hazardous condition existed for some definite length of time so that store owners are not held liable for situations where the fortuitous act of a customer created a dangerous condition).

**Defendant's Motion for Summary Judgment**

Defendant moves for summary judgment on two grounds: (1) Plaintiff has adduced no evidence that the floor was in a condition that posed an unreasonable risk of harm; and (2) Plaintiff has adduced no evidence that Home Depot had either actual or constructive knowledge that the floor was in a condition that posed an unreasonable risk of harm.

Because Plaintiff has not responded to the motion, she has failed to meet her burden to produce evidence that the floor in the Home Depot store constituted a dangerous condition or that Home Depot had either actual or constructive knowledge that the floor's condition created an unreasonable risk of harm.

Accordingly the Court

ORDERS that Defendant's motion for summary judgment (#21) is GRANTED.

**SIGNED** at Houston, Texas, this 21st day of September, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE